IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CARLINI, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 6343 |
| v. | ) ) | Judge Robert W. Gettleman |
| UNITED AIRLINES, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Carlini, on behalf of himself and all others similarly situated, filed a two-count putative class action complaint against defendant United Airlines alleging a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693l-1, and common law breach of contract. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is granted.

## FACTS

The following facts are taken from plaintiff's complaint and are deemed true for the purposes of this motion. In March 2008, Barbara Carlini purchased a $750 United Airlines gift certificate for plaintiff through an online credit card transaction. Along with the gift certificate, defendant provided plaintiff with an insert offering "simple tips on redemption." This insert stated: "The certificate is valid for a period of one year from the date of issue and may be extended for an additional year by presenting the certificate for exchange prior to the expiration

date."[1]  At some point—the complaint does not indicate when—plaintiff attempted to redeem the certificate, and defendant refused to accept it because it had expired.

The parties' first communication was apparently in July 2008, when plaintiff asked defendant to clarify the gift certificate's expiration restrictions.  In response, defendant stated that because the certificate was not issued to plaintiff in exchange for consideration, it was not a "gift certificate" under the EFTA.

In June 2010—almost two years after that exchange, and well over two years after defendant had issued the certificate—defendant informed plaintiff that the gift certificate had expired.  Defendant explained that its certificates are valid for only one year from the date of issue, and that they are transferrable but void if sold or bartered.  Defendant also stated that it had issued plaintiff the gift certificate because of a flight delay plaintiff had experienced in March 2008.  When plaintiff disagreed with that statement, defendant requested that he submit a scanned copy of the certificate for clarification.

In August 2010, defendant requested that plaintiff submit another copy of the expired certificate for further review; plaintiff did so.  A month later, defendant provided plaintiff with a reference number to resolve the dispute.

Also in September 2010, defendant considered extending the certificate through March 13, 2013 (for a total of five years from its date of issue), but apparently decided against it.  Instead, on September 9, 2010, defendant "extended an electronic promise" to plaintiff, offering

---

[1] The complaint alleges that defendant's website provided a conflicting statement that "[g]ift certificates do not expire."  As defendant notes, however, this statement was posted not on its website, but on the website of United Vacations, a third-party travel agency contractor of defendant.

to issue a new $750 gift certificate that plaintiff would be able to use "within the next year."

Plaintiff proceeded to file the instant putative class action complaint against defendant in October 2010. In Count I, plaintiff alleges that defendant has violated the EFTA by imposing a one-year expiration date on certain of its gift certificates. In Count II, plaintiff alleges breach of contract based on defendant's failure to provide gift certificates that were not subject to an expiration date.

Defendant now moves to dismiss the complaint, arguing that: (1) the EFTA's prohibition on expiration dates of less than five years was not in effect at the time the gift certificate was issued; (2) none of its actions constitutes an "electronic promise" for purposes of the EFTA; and (3) because plaintiff was neither a party to the contract nor was he intended as a third-party beneficiary, he cannot maintain a breach of contract claim.

## DISCUSSION

### I. Legal Standard

A complaint that fails to state a claim upon which relief can be granted should be dismissed. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 555; Fed. R. Civ. P. 8(a)(2). In addition, the allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility

3

above the "speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## II.     EFTA Claim

### A.     Plaintiff's Flight Certificate

Plaintiff claims that by imposing a one-year expiration date on his gift certificate, defendant violated the EFTA's prohibition on selling or issuing an electronic "gift certificate . . . that is subject to an expiration date." 15 U.S.C. § 1693l-1(c)(1).[2] Defendant correctly argues, however, that plaintiff has failed to state a claim because the EFTA was not in effect in March 2008, when defendant issued this gift certificate.

The EFTA was enacted on May 22, 2009, and became effective 15 months later on August 22, 2010. 15 U.S.C. § 1963l-1; Pub. L. No. 111-24, 123 Stat. 1734 (May 22, 2009). An amendment provided that gift certificate issuers that did not impose expiration dates on pre-April 2010 gift certificates would not be subject to certain EFTA disclosure requirements until January 31, 2011. Pub. L. No. 111-209, 124 Stat. 2254 (July 27, 2010).

---

[2] The parties do not dispute that the certificate at issue is a "gift certificate" under the EFTA, § 1693l-1(a)(2)(B), which defines "gift certificate" as:
an electronic promise that is--
(i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;
(ii) issued in a specified amount that may not be increased or reloaded;
(iii) purchased on a prepaid basis in exchange for payment; and
(iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

These provisions do not apply to any "electronic promise, plastic card, or payment code or device that is . . . issued in paper form only . . . ." 15 U.S.C. § 1693l-1(a)(2)(D).

4

Plaintiff mistakenly interprets that amendment as retroactively applying the EFTA's prohibition on expiration dates to all gift certificates issued before April 1, 2010. As defendant argues, however, the amendment's scope was not so broad. Considering the amendment's language as a whole, as well as the Federal Reserve Board's implementing regulation, 12 C.F.R. § 205.20, it is clear that the EFTA's prohibition on expiration dates does not retroactively apply to the gift certificate at issue.

The amendment's language reveals that it is concerned solely with the effective date of the EFTA's disclosure requirements. Section (b) specifically states that it relates to § 1693l-1(b)(3) and (c)(2)(B), which both address disclosure requirements. 15 U.S.C.§ 1693l-1(b)(3) (referring to "disclosure requirements"); 15 U.S.C.§ 1693l-1(c)(2)(b) (referring to the clear and conspicuous statement of expiration terms). Plaintiff's claim is not under these provisions; rather, it is under an entirely distinct provision, § 1693l-1(c)(1). Further, section (a) of the amendment explicitly clarifies its limited scope: "[e]xcept as provided under subsection (b) of this section, this title and the amendments made by this title shall become effective 15 months after the date of enactment of this Act." Thus, by its express terms, the amendment does not disturb § 1693l-1(c)(1)'s original effective date of August 22, 2010.

The relevant regulation further supports the conclusion that § 1693l-1(c)(1) is not retroactive. It states that, "[e]xcept as provided in paragraph (h), the requirements of this section apply to any gift certificate, store gift card, or general-use prepaid card sold to a consumer on or after August 22, 2010." 12 C.F.R. § 205.20(g). The regulation further provides that, "[f]or any gift certificate, store gift card, or general-use prepaid card produced prior to April 1, 2010, the effective date of the requirements of paragraphs (c)(3), (d)(2), (e)(1), (e)(3), and (f) of this

section is January 31, 2011." 12 C.F.R. § 205.20(h). Each of the provisions outlined in 205.20(h) relate solely to disclosure requirements and not to the EFTA section at issue in this case.

Moreover, the Supreme Court has repeatedly explained that "[r]etroactivity is not favored in the law." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988). Following that general axiom is the principle that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Id. Because the amendment addresses gift certificates and cards issued prior to April 1, 2010, only in regard to disclosure requirements, and because nothing indicates that Congress intended to apply § 1693l-1(c)(1) retroactively, the EFTA's prohibition on expiration dates does not apply to plaintiff's certificate.

**B.     Other Alleged Electronic Promises**

Plaintiff next contends that defendant made other actionable electronic promises, including: (1) emails indicating that defendant would extend the effective date of the certificate for one year; (2) emails refusing to put a promise in writing; (3) assigning a reference number in order to resolve the certificate dispute; and (4) the promise that United Vacations coupons would have no expiration date. Plaintiff's position that such communications are actionable is based on his contention that the issuance of a gift certificate is irrelevant and that the operative fact is the defendant's commitment to providing certain services.

Plaintiff's position is again controverted by the EFTA's language and regulatory guidance. As defendant correctly notes, the EFTA's prohibition on gift certificates is based on the ready accessibility of "underlying funds" behind an electronic promise. 12 C.F.R.

6

§ 205.20(e)(2). Similarly, the purpose of the EFTA is to clarify the rights and responsibilities of "participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693. Although some of the actions listed by plaintiff may qualify as promises made through electronic systems, none of the promises carry with them any underlying funds, nor do any of the promises signify the establishment of a transfer system.

Although purchases made on defendant's website and codes transmitted for the purpose of allowing access to funds may fall within the EFTA's protection, plaintiff has not alleged that any purchases were made after the initial certificate or that the reference code defendant issued to him entitled him to access any funds. Because the EFTA contemplates claims based on gift certificates and gift cards—not on emails or preliminary communications—none of the other of defendant's actions identified by plaintiff fall under the EFTA's scope.

### III. Breach of Contract Claim

Jurisdiction over plaintiff's breach of contract claim is based on supplemental jurisdiction under 28 U.S.C. § 1367(a). Although "that supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010), the court may "decline to exercise supplemental jurisdiction in certain cases." Id. Where the federal claim "drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008). As the Seventh Circuit has recently explained in Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514-15 (7th Cir. 2009), there are three acknowledged exceptions to this rule:

> when (1) 'the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court'; (2) 'substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort'; or (3) 'when it is absolutely clear how the pendent claims can be decided.'

7

The relevant limitations period for a breach of contract cause of action is five years for unwritten contracts and ten years for written contracts. 735 Ill. Comp. Stat. 5/13-205, -206; Armstrong v. Guigler, 673 N.E.2d 290, 292-93 (Ill. 1996). Because plaintiff is well within either period for refiling the breach of contract claim in state court, and because neither of the other exceptions applies, this court declines to exercise its jurisdictional authority under 28 U.S.C. § 1367 to resolve the state law breach of contract claim.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is granted.

**ENTER:** April 19, 2011

_____
**Robert W. Gettleman
United States District Judge**